UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
KALU NDUKWE,

                                    Petitioner,

                 -against-

PEOPLE OF THE STATE OF NEW YORK,

                                    Respondent.

**ORDER**

08-CV-4984 (NGG) (RLM)

----------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Ndukwe Kalu ("Kalu"),[1] pro se, brings this proceeding for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his November 14, 2005 New York State conviction. (Docket Entry # 1.) Kalu claims that he was wrongfully arrested in his home in violation of the Fourth Amendment; that his state and federal speedy-trial rights were violated; that he was improperly denied a hearing to withdraw his plea; and that his bail was excessive. (Id.) On May 18, 2009, Kalu also sought leave to amend his petition to add claims that he was not mentally competent when he entered his plea and that he received ineffective assistance of counsel. (Docket Entry # 9.) On the same day, Kalu requested a stay of his habeas petition in order to allow him to exhaust certain claims in state court. (Id.)

On July 10, 2009, the court referred the matter to Magistrate Judge Roanne L. Mann for a Report and Recommendation. (Docket Entry # 13.) On September 15, 2009, Judge Mann recommended that the court deny Kalu's petition, in full. (Id.) Judge Mann concluded that Kalu procedurally defaulted by including in his petition unexhausted state law claims, that the merits of Kalu's claims were legally insufficient or factually baseless, and that some claims were not legally

---

[1] The record makes clear that the petitioner is named "Ndukwe Kalu" rather than "Kalu Ndukwe," as reflected on the docket.

1

cognizable. ("R&R" (Docket Entry # 14).) Judge Mann further recommended that Kalu's motions for leave to amend his petition and to stay his habeas proceedings be denied as futile. (Id.)

No party has objected to Judge Mann's R&R, and the time for doing so has passed. See Fed. R. Civ. P. 72(b)(2). Having reviewed Judge Mann's thoroughly reasoned R&R, the court adopts it in its entirety. See, e.g., Brown v. Ebert, No. 05-CV-5579 (DLC), 2006 U.S. Dist. LEXIS 94265, at *6 (S.D.N.Y. Dec. 29, 2006) (where no party objects to a magistrate judge's report and recommendation, review is for "clear error"). Accordingly, the court DENIES Kalu's petition for a writ of habeas corpus.

SO ORDERED.

Dated: Brooklyn, New York
October 27, 2010

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge